## GODDARD *v.* COX.

CHANCERY PRACTICE. *Advertisement. Master's report. Objection cannot be taken by exception.* Objection to the mode of advertising a sale of land by the master, if it conform to the provisions of the statute and is not in conflict with the decree under which the sale is made, cannot be taken by exception.

### FROM BLOUNT.

Appeal from the Chancery Court at Maryville. O. P. TEMPLE, Ch.

BAXTER for complainant.

McGINLEY & HOOD and CORNICK & CORNICK for defendant.

COOPER, J., delivered the opinion of the court.

Under a decree directing the master to sell land after advertising "as required by law," the master reported that he had made the sale in pursuance of notice in writing posted at five public places in the county—one notice at the court-house door, and another in the district where the land lay—for the space of time prescribed by law. The Code, sec. 2145*a*, *et seq.*, by provisions declared by sec. 2152 to be only directory; authorizes notice in this mode whenever the advertisement cannot be made in a newspaper, either because the owner of the land shall forbid the publication in that shape, or because the printer will not make the publication for the price fixed by

law, "or for any other reason." Code, secs. 2148, 2151. The defendant excepted to the report of the master, on the ground that the advertisement should have been made in the *Republican,* a newspaper published in the county. But the record does not disclose the fact that, during the time of the notice in question, any such paper was published in the county town.

Exceptions to a master's report are in the nature of a special demurrer. *Ridley* v. *Ridley,* 1 Col., 323. And as a speaking demurrer is bad, speaking exceptions must be equally inadmissible, and for the same reason the court cannot go outside of the record to act upon them. *Musgrove* v. *Lusk,* 2 Tenn. Ch., 576.

There is an affidavit of the defendant, doubtless filed with a view to meet this objection, copied into the record, but it cannot be noticed in the absence of a bill of exceptions making it a part of the evidence; nor, if embodied in a bill of exceptions, would it help the defendant; for, in the first place, it merely states that there was a newspaper published in the county at the time the notice was being given, and that the defendant did not forbid the publication in that mode without showing that the printer would make the publication for the price fixed by law, and without negativing "any other reason" which induced the clerk to adopt the notice by posting. And, in the next place, objection to the form of notice pursued, at any rate where the facts are stated in the report and are not in conflict with the order of the court, cannot be made by exception, but must be

8

presented in a different shape, and, probably, show actual injury. *Childress* v. *Harrison,* 1 Baxt., 410.

Affirm the decree below with costs.